IN THE MATTER OF LAUREN GUSTAFSON. April 16, 2013. *Attorney at Law,* Suspension, Reinstatement, Disciplinary proceeding.

Bar counsel appeals from an order of a single justice of this court suspending the respondent attorney, Lauren Gustafson, from the practice of law for six months. Bar counsel argues that Gustafson's failure to cooperate in bar counsel's investigation of alleged misconduct, failure to respond to a petition for discipline, and failure to appear at hearings before the single justice warrant a greater sanction. We affirm.

*Background.*[1] The respondent was admitted to the practice of law in

---

[1]Jonathan J. Margolis and Rodgers, Powers & Schwartz, LLP.

[1]Gustafson failed to answer the petition for discipline, and accordingly, its charges

December, 2008, and duly registered with the Board of Bar Overseers (board) in January, 2009. When her employment address changed, she did not file a supplemental statement of changes to the information provided in her initial registration statement, nor did she file a registration statement or pay the associated fee as required in January, 2010. S.J.C. Rule 4:03 (1) (a), as amended, 416 Mass. 1319 (1993). Accordingly, on June 14, 2010, the board filed a petition in the county court seeking Gustafson's suspension as an administrative matter. See S.J.C. Rule 4:02 (3), as amended, 447 Mass. 1301 (2006); S.J.C. Rule 4:03 (2), as appearing in 421 Mass. 1302 (1995). An order suspending her from the practice of law entered on July 26, 2010. Thirty days later, Gustafson became subject to the provisions of S.J.C. Rule 4:01, § 17, as amended, 426 Mass. 1301 (1997), governing suspended attorneys. She did not comply with those requirements.

Notwithstanding her administrative suspension, in November, 2010, Gustafson was hired as in-house counsel at a company having its headquarters in Massachusetts. She submitted a registration statement, an affidavit in support of her request for reinstatement, and a check to the board on or about November 11, 2010. The board returned the check, advising her that she owed additional amounts. It indicated that, when the fees were paid, it would present her request for reinstatement to the court. Gustafson did not respond. Eight months later, in July, 2011, bar counsel received a request for investigation alleging that, despite her ongoing suspension, Gustafson continued to be employed as an attorney.

Gustafson did not respond to the complaint, which was forwarded to her by bar counsel. Nor did she respond to a subpoena that the board caused to be served on her. Contacted by telephone, however, she agreed to appear on October 3, 2011. On that day, she admitted to employment as an attorney and was provided with a complete set of registration materials, none of which she returned. On February 9, 2012, bar counsel filed a petition for discipline.[2] Gustafson failed to file a timely answer to the petition or otherwise cooperate in the investigation, and her default was entered.

On May 14, 2012, the board voted to recommend to the court that Gustafson be suspended from the practice of law for six months, and that thereafter she be required to petition for reinstatement pursuant to S.J.C. Rule 4:01, § 18 (4), as appearing in 453 Mass. 1315 (2009), including its requirement that she take and pass the multistate professional responsibility examination. The board filed an information to this effect in the county court. After a hearing, at which the respondent did not appear,[3] the single justice ordered that the respondent be suspended for a period of six months. See S.J.C. Rule 4:01,

and allegations are deemed admitted. S.J.C. Rule 4:01, § 8 (3) (a), as appearing in 453 Mass. 1310 (2009); Rule 3.15(e) of the Rules of the Board of Bar Overseers.

[2]The petition alleged violations of Mass. R. Prof. C. 3.4 (c) (knowing disobedience of the rules of a tribunal); 5.5 (a) (practice of law in violation of an order of suspension); 8.1 (b) (failure to respond to a lawful demand for information from a disciplinary authority); 8.4 (d) (conduct prejudicial to the administration of justice); and 8.4 (g) (failure to cooperate with bar counsel). The petition stated also that the respondent violated S.J.C. Rule 4:02, § 1, as appearing in 416 Mass. 1302 (1993), governing the periodic registration of attorneys, and S.J.C. Rule 4:01, § 17, requiring attorneys subject to administrative suspension to file affidavits of compliance and other documentation with bar counsel and with this court.

[3]The respondent maintains that she did not receive adequate notice of the hearing.

§ 18 (1) (a). The single justice did *not* accept the provision requested by the board that would have required the respondent to comply with the formal reinstatement provisions set forth in rule 4:01, § 18 (4). Bar counsel appealed, and the case is now before us on her preliminary memorandum and the record appendix filed in accordance with our Order Establishing a Modified Procedure for Appeals in Bar Discipline Cases, Massachusetts Rules of Court at 469-470 (West 2012). Bar counsel presses for a suspension of one year and a day, which, among other things, would activate the formal reinstatement requirements of rule 4:01, § 18 (4).[4]

*Discussion.* The sole issue on appeal is whether the sanction imposed by the single justice "is markedly disparate from those ordinarily entered by the various single justices in similar cases." *Matter of Alter*, 389 Mass. 153, 156 (1983). Although we "afford substantial deference to the board's recommended disciplinary sanction," *Matter of Griffith*, 440 Mass. 500, 507 (2003), we consider "what measure of discipline is necessary to protect the public and deter other attorneys from the same behavior." *Matter of Lupo*, 447 Mass. 345, 356 (2006), quoting *Matter of Concemi*, 422 Mass. 326, 329 (1996). The single justice deferred substantially to the board's recommendation, but concluded that Gustafson's conduct had not been shown to be more egregious than the conduct of the attorneys in *Matter of Murray*, 25 Mass. Att'y Discipline Rep. 404 (2009); *Matter of Blodgett*, 25 Mass. Att'y Discipline Rep. 71 (2009); and *Matter of Blessington*, 19 Mass. Att'y Discipline Rep. 54 (2003), and declined to impose the requirement of a formal reinstatement hearing.

The cases relied on by the single justice support her judgment as to the sanction. In *Matter of Murray*, *supra* at 405, the single justice imposed a six-month suspension on an attorney who, like Gustafson, continued to practice law during the period of his administrative suspension and failed to respond to the board's subpoena in connection with bar counsel's investigation of his misconduct. Similarly, in *Matter of Blessington*, *supra* at 55, the single justice accepted the board's recommendation of a six-month and one-day suspension, where the respondent continued to practice law for three years while under administrative suspension. In *Matter of Blodgett*, *supra* at 72, the single justice accepted the board's recommendation of a two-month suspension, where the attorney continued to practice for two years during the period of her administrative suspension, but considered mitigating facts that are not present in the record of this case. In each of these cases, the attorney was given a term suspension *without* the added requirement of a formal reinstatement hearing.

The respondent's failure to cooperate in the disciplinary process, including her failure to respond to the petition for discipline, did not require imposition of more than a six-month suspension. Certainly, failure to cooperate in the

---

[4]The rules provide a significant difference in procedure for reinstatement of attorneys who have been suspended for six months or less (essentially, automatic reinstatement on filing an affidavit of compliance within six months of the expiration of the original suspension term), as compared with those who have been suspended for more than six months but less than one year (essentially, automatic reinstatement on filing an affidavit of compliance, and taking and passing the professional responsibility examination) and those who have been subject to long-term suspension (more than one year, or indefinitely). Among other things, an attorney who has been subject to a long-term suspension must petition for reinstatement. S.J.C. Rule 4:01, § 18 (1)-(2), (4).

Rescript Opinions.

disciplinary process may be considered as a factor in aggravation of other misconduct. See *Matter of Yonce*, 20 Mass. Att'y Discipline Rep. 552, 554 (2004). The cases relied on by bar counsel, however, additionally involved misconduct other than that stemming from the conduct underlying an administrative suspension. See, e.g., *Matter of Garabedian*, 416 Mass. 20, 25 (1993) (neglect of client's case, prior disciplinary history, and repeated failure to cooperate with bar counsel in multiple cases warrants six-month suspension). Nor do we view the respondent's failure to answer the petition for discipline as itself meriting a greater sanction: the rules provide the penalty for failure to file a timely answer, which is that the allegations and charges are deemed admitted. S.J.C. Rule 4:01, § 8 (3) (a).

*Conclusion.* The single justice's order suspending the respondent from the practice of law for six months is not markedly disparate from the sanctions imposed in comparable cases. When the suspension is over and the time for reinstatement comes, bar counsel is free to avail herself of the mechanisms of S.J.C. Rule 4:01, § 18 (1) (c),[5] should she deem it appropriate.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Dorothy Anderson*, Assistant Bar Counsel.

---

[5]Supreme Judicial Court Rule 4:01, § 18 (1) (c), as appearing in 453 Mass. 1315 (2009), provides that "[r]einstatement under this subsection (1) will be effective automatically ten days after the filing of the affidavit unless the Bar Counsel, prior to the expiration of the ten-day period, files a notice of objections with the court. In such instances, the court shall hold a hearing to determine if the filing of a petition for reinstatement and a reinstatement hearing as provided elsewhere in this section 18 shall be required."